# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 20-5007**

**September Term, 2021**

FILED ON: MARCH 29, 2022

BRETT STEELE,
    APPELLANT

v.

LLOYD J. AUSTIN, III, IN HIS OFFICIAL CAPACITY AS
SECRETARY OF THE DEFENSE
    APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:13-cv-01229)

---

Before: SRINIVASAN, *Chief Judge*, and PILLARD and RAO, *Circuit Judges*.

## J U D G M E N T

The Court considered this appeal on the record and the briefs and oral argument of the parties. The panel has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the decision of the district court be **AFFIRMED**.

In August 2010, the Department of Defense hired Appellant Dr. Brett Steele to serve as a professor at the National Defense University's College of International Security Affairs. Dr. Steele was 47 years old at the time. During his probationary first year, the College decided to terminate Dr. Steele's employment.

Dr. Steele filed suit in the district court, asserting that the Department terminated him because of his age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq*. The district court granted the Department's motion for summary judgment. *See Steele v. Carter*, 192 F. Supp. 3d 151 (D.D.C. 2016). We reversed on appeal, holding that Dr. Steele had created genuine disputes about facts material to the question of whether age was the reason for his discharge. *See Steele v. Mattis*, 899 F.3d 943, 947 (D.C. Cir. 2018).

On remand, the district court conducted a four-day bench trial on Dr. Steele's ADEA claim. Following trial, the court found that Dr. Steele had failed to carry his burden of proving by a preponderance of the evidence that age was the but-for cause of the Department's decision to terminate him. The district court thus entered judgment for the Department. Dr. Steele now appeals.

We conclude that the district court did not clearly err in finding that Dr. Steele failed to show that age was the but-for cause of his termination. And because Dr. Steele does not challenge the district court's application of a but-for causation standard, we have no occasion to consider whether the court should have applied a different causation standard. We therefore affirm the district court's entry of judgment for the Department.

We review the district court's factual findings, such as its finding on the question of discriminatory intent, for clear error. *See United States v. AT&T, Inc.*, 916 F.3d 1029, 1033 (D.C. Cir. 2019); *Abbott v. Perez*, 138 S. Ct. 2305, 2326 (2018). We consider a finding of fact to be "clearly erroneous only if we are left with a firm conviction that a mistake has been committed." *Koszola v. FDIC*, 393 F.3d 1294, 1300 (D.C. Cir. 2005) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 572 (1985)). None of Dr. Steele's asserted grounds for reversal rises to the level of clear error.

*First*, Dr. Steele challenges the Department's explanation that it terminated him for budgetary reasons. Dr. Steele's arguments fail to persuade us that the district court clearly erred in accepting that explanation. The district court credited the testimony of administrators that budget cuts required the College to eliminate three full-time positions in 2011. And the court found Colonel Michael Bell, the College Chancellor, to be highly credible. Colonel Bell testified that the mandated reduction required him to recommend three probationary professors for termination. He selected Dr. Steele for termination over other probationary professors because their expertise better suited the needs and priorities of the College. While there was evidence introduced at trial relating to criticisms of Dr. Steele's teaching performance, that evidence does not undercut the Department's budgetary rationale. As the district court found, criticism of Dr. Steele's teaching "arose from an academic debate over the most effective way to teach subject matter. It is not evidence of pretext." *Steele v. Esper*, 419 F. Supp. 3d 96, 110 (D.D.C. 2019). Nor do we find any error in the district court's rejection of Dr. Steele's other efforts to impeach Colonel Bell.

*Second*, Dr. Steele takes issue with the district court's credibility determinations concerning the testimony of his supervisors. In particular, he contends that the district court clearly erred by crediting Dean Querine Hanlon's and Associate Dean Alejandra Bolanos's denials of ageist comments attributed to them. We disagree. We give due regard to the opportunity of the trial court to judge the credibility of witnesses. *See* Fed. R. Civ. P. 52(a)(6). The district court permissibly credited Dean Hanlon's denial in part because she compellingly testified to a close mentoring relationship with the subject of her supposed comments. With regard to Associate Dean Bolanos, the court credited her denial of ageist comments in part because it found that Dr. Steele had embellished the relevant testimony. And even if, as Dr. Steele urges, he did not embellish

2

Dean Bolanos's comments, the district court also credited her testimony in part based on her demeanor, an assessment to which we defer. *See Koszola*, 393 F.3d at 1300–01. Additionally, the court understandably expressed skepticism that an administrator would make explicitly ageist remarks to a new, older acquaintance.

*Third*, we reject Dr. Steele's contention that the district court erred by considering employment actions taken by his supervisors in favor of other older employees. As Dr. Steele concedes, employment actions taken in favor of other members of a protected class may be weighed against a plaintiff's evidence of discrimination. *See Aka v. Wash. Hosp. Ctr.*, 156 F.3d 1284, 1289 (D.C. Cir. 1998) (en banc).

*Fourth*, Dr. Steele contends that the Department's hiring of three younger professors around the time he was terminated supports his age discrimination claim. Evidence in the record raises some questions about when the Department hired those three professors. But regardless of when they were hired, the district court did not clearly err in finding that the Department terminated Dr. Steele for non-discriminatory reasons following a decision process that also resulted in the retention of an older probationary professor and the termination of a younger one.

Pursuant to D.C. Cir. R. 36(d), this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

### Per Curiam

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk